TRINIDAD ET AL., APPELLANTS, *v.* SUCCESSION OF TRINIDAD ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 906.—Decided June 4, 1913.

INHERITANCE—DESIGNATION OF HEIRS.—Designations of heirs for a fixed time or for a time which must inevitably come, although not known when, are legal and equivalent to a simple designation of heirs and create rights transmissible to the heirs of those so designated from the time of the death of the testators, and it is not material that the heir in fee dies before one of the testators.

EJECTMENT—TITLE BY INHERITANCE—NONSUIT.—A title by inheritance is not sufficient in itself upon which to recover a certain and specific part of an undivided estate of inheritance before the estate has been partitioned and distributed; therefore the court did not err by so holding in sustaining the defendants' motion for a nonsuit.

The facts are stated in the opinion.

Mr. *Manuel F. Rossy* for appellants.

Mr. *José G. Torres* for respondents José Navarro Monzón, José Albite, Antonio, Cristóbal and Domingo Trinidad and Diego Ayuso.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José, Juan and Francisco Trinidad filed a complaint in the District Court of San Juan against the above-named defendants, alleging in brief the following:

1. María del Pilar Trinidad died in Río Piedras on June 4, 1892, leaving a will executed before a notary on April 3, 1892, in which she named her sister, Petrona Trinidad, as the usufructuary heir to her estate for life and her nephews and niece, Severiano Trinidad, Leandro Trinidad and Demetria Jorge, wife of Valerio Villegas, as heirs in fee-simple after the death of the usufructuary. She appointed as her executors Petrona Trinidad and Severiano Trinidad to act as such in the order named.

2. In her said will the testatrix declared that her estate consisted of a property of 30 *cuerdas* in the ward of Caimito and another of 34 *cuerdas* in the ward of Quebrada Arenas, both of the municipal district of Río Piedras, 14 head of cattle in the possession of Severiano Trinidad and 9 head of cattle in the possession of Valerio Villegas.

3. Petrona Trinidad died some years ago, the exact date of her death being unknown to the plaintiffs.

4. Alejandro Trinidad, who is the same Leandro Trinidad mentioned as an heir of María del Pilar Trinidad, died on May 13, 1895, leaving several sons of whom the plaintiffs are the sole survivors and his heirs, they being of age and having the necessary legal capacity to bring this action.

5. Severiano Trinidad, Demetria Jorge and the husband of the latter, Valerio Villegas, took possession of the estate of the testatrix, and they, together with José Cayuela Alcaraz, administered and settled the same without regard to the consent of the other heir, Leandro Trinidad, in the following manner:

(*a*) Severiano Trinidad, Demetria Jorge and the latter's husband, Valerio Villegas, brought proceedings to establish their possession by inheritance from Pilar Trinidad to two rural properties, one of 30 and the other of 34 *cuerdas* situated in the wards of Caimito and Quebrada Arenas respectively, district of Río Piedras, which proceedings were approved by the Municipal Judge of Río Piedras on February 18, 1897. The two properties are duly described.

(*b*) The said Severiano Trinidad, Demetria Jorge and her husband, Valerio Villegas, sold to José Cayuela y Alcaraz by public deed dated June 7, 1897, which was recorded in the registry of property, 30 *cuerdas* of the Caimito property, and by public deed dated June 7, 1897, which was recorded in the registry of property, they sold 17 *cuerdas* of the Quebrada Arenas property to José Navarro Monzón. In a separate transaction and without title Demetria Jorge sold 10 *cuerdas* to the said Navarro, who instituted proceedings to establish his possession thereof and recorded the same in the registry of property. Later, Navarro joined the two properties so acquired and formed one property of 27 *cuerdas*, which is duly described, and sold the same to Angela Quiñones by public deed dated January 9, 1899. Angela Quiñones sold this property on February 10, 1902, to Pablo Ramón y Caballero, who sold it on March 16, 1903, to Florencio García Nieves and García Nieves sold the same on January 31, 1907, to Diego Ayuso. All of the foregoing sales are recorded in the registry of property.

6. The plaintiffs are informed that the Caimito estate consists of from 84 to 96 *cuerdas* and that the Quebrada Arenas property contains more than 34 *cuerdas*.

7. Severiano Trinidad and Valerio Villegas disposed of the cattle left in their possession.

8. A third of all the inheritance estate belongs to Leandro Trinidad and by descent to his three sons, the plaintiffs herein. The value of said third is more than $500 and the lands are situated in the municipality of Río Piedras of the judicial district of San Juan.

9. The deaths of Petrona Trinidad, Severiano Trinidad and José Cayuela are alleged and the names of their successors together with the places of residence of all the defendants are stated.

Based on the foregoing allegations the plaintiffs prayed the court to decree the following:

1. That Leandro Trinidad, heir of María del Pilar Trinidad, is the same Alejandro Trinidad, father of the plaintiffs.

2. That the plaintiffs are the owners of an undivided third part of the estate of the deceased, María del Pilar Trinidad.

3. That in so far as regards the plaintiffs' ownership of said undivided third, the possessory title proceedings and the sales set out in the complaint and again specified in the prayer are null and void.

4. That the records in the registry of property of said possessory title proceedings and sales of land are likewise void.

5. That the defendants (naming them) deliver to the plaintiffs the third part of the said property held by them.

Several demurrers having been overruled and answers to the complaint having been filed by some of the defendants, a trial was had. Default was entered against defendants José Cayuela, Jr., José Albite, and the Successions of Petrona Trinidad, of Severiano Trinidad and of José Cayuela.

After the plaintiffs had rested the defendants who had appeared moved for a nonsuit on the ground of the insufficiency of the evidence, which motion was granted by the court

in its judgment of September 7, 1911. From this judgment the present appeal was taken by the plaintiffs and the hearing was held before this court on February 21, 1913, at which the plaintiffs and the defendants, Navarro, Albite, Ayuso, and Antonio, Cristóbal and Domingo Trinidad, appeared by counsel.

The respondents allege that the plaintiffs have not the character of heirs of María del Pilar Trinidad, basing their contention on the ground that in her will María del Pilar named Petrona Trinidad as her usufructuary heir during life and Severiano and Alejandro Trinidad and Demetria Jorge her universal heirs after the death of the said Petrona Trinidad, and that Alejandro Trinidad, father of the plaintiffs, died before the death of the usufructuary heir, Petrona. In short, the respondents contend that the right to inherit on the part of Severiano, Alejandro and Demetria did not accrue from the death of the testatrix, but was contingent upon the death of the usufructuary heir.

The issue raised has been emphatically decided adversely to the contention of the respondents in a judgment of the Supreme Court of Spain rendered on April 27, 1888, in which the following doctrine was established:

"In a will by which a husband and wife mutually named each as the usufructuary heir of the other and devised the fee in their joint estate to a third person, the intention of the testators, as clearly shown therein, was to reserve to the surviving spouse a life estate in the community property and leave the fee therein to their sole and universal heir who by virtue of the death of the testator acquired a perfect and irrevocable right to that portion of the estate which belonged to said testator, a right which would descend to the legatee's heirs at his death, because in accordance with the doctrine established by the Supreme Court designations of heirs for a fixed time or for a time which must inevitably come, although not known when, are valid and equivalent to a simple designation of heirs and create rights transmissible to the heirs of those so designated from the time of the death of the testators. The fact that the heir in fee dies before the testator

is not material, because such an incident would affect only the usufruct and indicate the duration thereof when separated from the right of ownership.

"In the last-mentioned hypothetical case it must be understood that the rights of the heir in fee arose from the designation of heirs and became effective and were transmitted on the death of the testator, having become consolidated with the usufruct at its termination by the death of the surviving spouse." 63 *Jurisprudencia Civil*, 696.

Having decided the question raised by the respondents on this point, let us consider the true ground of the judgment of nonsuit—that is, that the plaintiffs in an action of ejectment have proved neither the ownership nor the identity of the property claimed.

The evidence introduced by the plaintiffs consists of: 1, copy of the designation of heirs of Leandro Trinidad made by the court in favor of the plaintiffs; 2, certified copy of the will made by María del Pilar; 3, birth certificate of plaintiff, Juan Trinidad; 4, certificate of the registrar of property containing details of the records set forth in the complaint; 5, testimony of the witnesses, Sandalio Benítez, Alejandro Molina, Juan Pío Delgado and José Navarro Monzón, who testified as to the death of María del Pilar, the will made by her, the estate she left and the failure to deliver to the plaintiffs their shares, etc. The plaintiffs introduced no evidence of any kind to prove that either judicially or extrajudicially there had been any liquidation or partition of the estate among the heirs of María del Pilar Trinidad.

After carefully considering the complaint we conclude that the final object of the action is to obtain an acknowledgment of the ownership by the plaintiffs of an undivided third part of certain real property of the estate of María del Pilar Trinidad.

The plaintiffs dispense with all the special laws which always existed and now exist in Porto Rico for the liquidation of inheritances and the adjudication of his share to each heir, and endeavor to settle the whole matter in a declaratory action.

In the case of *Fernández* v. *Gutiérrez del Arroyo,* 10 P. R. R., 59, this court accepted the following doctrine:

"An action seeking the division of inherited property must be prosecuted in universal testamentary proceedings and not in a declaratory action, it not being lawful for the parties to waive the special proceedings provided for by law and adopt others at their option."

Again, in the case of *Fernández et al.* v. *Velázquez,* 17 P. R. R., 716, the court cited with approval the following doctrine laid down by the Supreme Court of Spain on June 13, 1901:

"While the liquidation of the inheritance, and consequently the corresponding partition and adjudication to each heir of his corresponding share, has not been made, the heirs have no lawful title to recover certain and specific properties of the inheritance, because the will is not a sufficient title to bring such action."

And in the case of *Velilla* v. *Pizá et al.* decided in the same year the court said:

"It is true that articles 657 and 661 of the former Civil Code, which agree with sections 665 and 669 of the Revised Civil Code, provide that 'The rights to the succession of a person are transmitted from the moment of his death' and that 'Heirs succeed the deceased in all his rights and obligations by the mere fact of his death,' and in accordance with said sections the heir or heirs, if there are more than one, acquire altogether the rights of their predecessor.

"Heirship conveys a joint right to the aggregate heritage, and by virtue thereof, upon the death of their predecessor, all the heirs become owners in common. But until proceedings for partition and adjudication are terminated, and until by virtue thereof this community of ownership does not cease, no one of the heirs may be considered to be the sole and exclusive owner of any particular portion or fixed and specific aliquot part of the property of the heritage, which character it is necessary to prove before an action of ejectment may prosper.

"The aforesaid sections confer a right to each and all of the properties of the heritage, but not a specific right to certain properties,

which can only be acquired by an adjudication lawfully made in partition proceedings." *Velilla* v. *Pizá et al.*, 17 P. R. R., 1069, 1073, 1074.

Applying the foregoing principles to the case at bar, we must conclude that the district court was warranted in deciding that the plaintiffs had not proved a title of ownership to the property claimed in the complaint sufficiently to justify the recovery of the same from the possession of the defendants.

A judgment in favor of the plaintiffs in the case at bar would be equivalent to deciding that the Act of 1905 relative to special legal proceedings could be dispensed with at the volition of any litigant.

The Legislature has established clear, precise and complete rules governing the proceedings which should be followed in cases of testate or intestate inheritances. Title I of the act on this subject (Acts of 1905, p. 137) refers to testamentary and intestate proceedings and contains thirteen chapters which treat as follows: 1. Recording of public instruments, oral wills and codocils. 2. Opening and recording of closed wills. 3. Declaration of heirship. 4. Administration of estates of decedents, without knowing next of kin. 5. Judicial administration of decedent's estate. 6. The inventory. 7. Administration of decedent's estate. 8. Legal proceedings in which decedents were parties. 9. Compensation of administrators end executors. 10. Accounting of administrators and executors. 11. Rights of creditors and payment of debts. 12. Acceptance of the office of executor or administrator. 13. Actions as to the validity of wills. Title II of said acts consists of a single chapter treating of the division and partition of an inheritance.

In the case at bar the plaintiffs have failed to proceed according to these well-planned and wisely-adapted proceedings, and by the simple filing of a complaint and introduction of the evidence referred to seek to obtain a decree declaring them to be the owners of an undivided third part of the estate described by them, which estate has passed almost in its en-

tirety to the possession of persons other than the heirs of María del Pilar Trinidad by virtue of deeds of sale recorded in the registry of property.

Perhaps the plaintiffs have not received the property to which they are justly and lawfully entitled, but if this be so, the proceedings chosen by them are not proper to secure a recognition of their rights.

In cases of this kind the true personality of the successor of the deceased must first be legally established.

When the inheritance is testate, as in the present case, and an executor is appointed by the testator, it is the duty of such executor to execute the will of the testator. If the executorship terminates before the will of the testator has been complied with (sections 884 and 885 of the Revised Civil Code), the execution of the will of the testator devolves upon the heirs. If these act together in common agreement, having the necessary civil capacity, and proceed in good faith, judicially or extrajudicially, the solution is a just and easy one. If they do not so act and difficulties arise, proceedings should be instituted in the proper district court which will supervise the proceedings and apply the law governing the case.

An inventory should be made of the estate and the estate should be administered in the form prescribed by law. If the estate or any portion thereof should be found in the lawful possession of persons having no right thereto, the proper legal proceedings should be instituted to recover the same for the benefit of the heirs and after the debts of the decedent have been properly investigated and paid when due, or sufficient property has been set aside for the payment thereof, the partition of the estate should be proceeded with and each heir adjudicated his proper share.

The very nature of the estate shows, therefore, the necessity of special provisions to govern the same, and when such special provisions exist they should be complied with and litigants should not seek to elude them as the plaintiffs have sought to do in the present case.

For the foregoing reasons we conclude that the appeal should be dismissed and the judgment appealed from affirmed without prejudice to the rights which the plaintiffs may have to bring the proper action to recover the inheritance to which. they may be entitled.

> *Affirmed without prejudice to the right of the plaintiffs to bring the proper action to recover the part of the inheritance sued for here.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.